IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN EUGENE WILLINGHAM, #222 866, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:19-CV-1053-WHA [WO] |
| DIRECTOR OF ALABAMA STATE PERSONNEL DEPARTMENT, *et al.* | ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Kevin Willingham, a state inmate, initiated this 42 U.S.C. § 1983 action on December 16, 2019. In the instant complaint, Willingham seeks to challenge matters regarding matters which occurred at the Loxley Community Work Center located in Loxley, Alabama. Upon review of the complaint, the court finds this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

**II. DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

---

[1] Willingham has submitted an application for leave to proceed *in forma pauperis.* Doc. 2. The court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]")

The Loxley Community Work Center is located within the jurisdiction of the United States District Court for the Southern District of Alabama. The factual allegations set forth in the complaint reflect that a majority of the named defendants are located in the Southern District of Alabama. Although Defendants Dunn and the Director of the Alabama State Personnel Department reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state.  Thus, the majority of material witnesses and evidence associated with those claims relevant to Willingham's allegations are located in the Southern District of Alabama.  Under these circumstances, the claims asserted by Willingham are beyond the venue of this court.  However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. §1406(a) for review and disposition.[2]

---

[2] In transferring the instant case, this court makes no determination with respect to the merits of Willingham's claims for relief.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1406(a).

It is further

ORDERED that on or before **January 24, 2020**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 10th day of January 2020.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE